UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARIAH MOORE** | **CIVIL ACTION NO. 21-714** |
| **Plaintiff,** | **JUDGE: JTM** |
| **VERSUS** | **MAGISTRATE JUDGE: MBN** |
| **ACUITY, A MUTUAL INSURANCE COMPANY and JULIE ALBRECHT** | **SECTION: "H" (5)** |
| **Defendants.** | |

### ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND OF ACUITY, A MUTUAL INSURANCE COMPANY

NOW INTO COURT, through undersigned counsel, comes Defendant, Acuity, a Mutual Insurance Company ("Acuity"), who hereby answers the Petition of Plaintiff, Mariah Moore, removed from the Civil District Court for Orleans Parish, Louisiana as follows.

**I.**

**ANSWER**

Defendant denies all allegations and conclusions in Plaintiff's Petition for Damages not expressly admitted herein, including all allegations in the opening paragraph and all misnumbered/unnumbered paragraphs of the Petition.

1.

Defendant responds to the allegations in Paragraph 1 of the Petition as follows.

(a) Acuity admits it is a foreign insurance company domiciled in Wisconsin;

(b) Defendant denies the allegations of Part (b) of Paragraph 1 for lack of sufficient knowledge and information to form a belief therein.

2.

Paragraph 2 of the Petition contains mixed allegations of fact and conclusions of law, which require no response. Insofar as a response is required of Defendant, Defendant denies all allegations and conclusions in Paragraph 2.

3.

Defendant denies the allegations of Paragraph 3 of the Petition for lack of sufficient information or knowledge to form a belief therein.

4.

Defendant denies the allegations of Paragraph 4 of the Petition for lack of sufficient information or knowledge to form a belief therein.

5.

Defendant denies the allegations of Paragraph 5 of the Petition for lack of sufficient, specific information or knowledge to form a belief therein.

6.

Paragraph 6 of the Petition contains mixed allegations of fact and conclusions of law, which require no response. Insofar as a response is required of Defendant, Defendant denies all allegations and conclusions in Paragraph 6 for lack of sufficient, specific information or knowledge to form a belief therein.

7.

Paragraph 7 of the Petition contains mixed allegations of fact and conclusions of law about "liability insurance." Insofar as a response is required of Acuity, Acuity admits only that it issued a policy for liability insurance, Policy No. P69586-1, to Julie Albrecht, for a policy period inclusive of March 11, 2020, the date of Plaintiff Moore's alleged incident. Acuity pleads the terms,

4816-3519-5878.1

conditions, definitions, exclusions, limitations, and endorsements of the policy, as if copied herein *in extenso*. The remaining allegations asserted in Paragraph 7 are denied.

8.

Paragraph 8 of the Petition contains mixed allegations of fact and conclusions of law, which require no response. Insofar as a response is required of Defendant, Defendant denies all allegations and conclusions in Paragraph 8.

9.

Paragraph 9 of the Petition contains mixed allegations of fact and conclusions of law, which require no response. Insofar as a response is required of Defendant, Defendant denies all allegations and conclusions in Paragraph 9 for lack of sufficient, specific information or knowledge to form a belief therein.

10.

Paragraph 10 of the Petition contains mixed allegations of fact and conclusions of law, which require no response. Insofar as a response is required of Defendant, Defendant denies all allegations and conclusions in Paragraph 10.

11.

Paragraph 11 of the Petition contains mixed allegations of fact and conclusions of law, which require no response. Insofar as a response is required of Defendant, Defendant denies all allegations and conclusions in Paragraph 11.

12.

The allegations following Paragraph 11 of Plaintiff's Petition or "Prayer" require no response from Acuity. Insofar as the Court finds a response is required, Acuity denies all the allegations and any relief sought in this unnumbered Paragraph.

13.

Acuity denies all allegations in Plaintiff's Petition for Damages/Complaint not expressly admitted here, including all allegations of fact and conclusions of law in Plaintiff's "Wherefore" paragraph, Prayer for relief, any opening paragraphs and/or mis/unnumbered paragraphs.

II.

**JURY DEMAND**

Defendant desires and is entitled to a trial by jury on all issues.

III.

**AFFIRMATIVE DEFENSES**

AND NOW in further answer to the Petition of Plaintiff Moore, Acuity asserts the following defenses in the alternative, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law.  In addition to the defenses asserted below, Acuity specifically reserves all rights to assert any other or additional defenses that are now or may become available or appear during, or as a result of, discovery, other proceedings, or further investigation.

**FIRST AFFIRMATIVE DEFENSE**

Defendant denies that any party for whom it is deemed to be responsible was negligent, individually or jointly, in connection with any of the incidents alleged in the Petition.

**SECOND AFFIRMATIVE DEFESE**

The alleged damages of the Plaintiff, if any, were not caused by any fault, negligence, or liability attributable to Defendants, but instead were caused solely and proximately through the negligence and/or comparative negligence of the Plaintiff, including but not limited to, the acts of negligence listed below and others to be shown at trial:

a) failing to exercise reasonable care under the circumstances prevailing at the time of the accident;

b) failing to take proper precautions to avoid the accident and her alleged injuries;

c) failing to do any act by which the accident made the basis of this lawsuit could have been avoided;

d) failing to act as a reasonable and prudent person would act under the same or similar circumstances;

e) failing to be attentive to her surroundings and to act in a prudent and cautious manner for the protection of life and limb;

f) failing to keep a proper lookout;

g) failing to see what should have been seen;

h) failing to take the last clear chance to avoid the accident;

i) misuse and/or abuse of a motor vehicle; and

j) any and all other acts and/or omissions constituting negligence and/or fault and/or liability which may be shown at the trial of this matter.

### THIRD AFFIRMATIVE DEFENSE

Accordingly, Defendant specifically pleads the defenses of contributory negligence, comparative negligence, victim fault, and assumption of the risk.

### FOURTH AFFIRMATIVE DEFENSE

Further, in the alternative and without limitation to the foregoing, Defendant avers the damages suffered by the Plaintiff, if any, were caused totally and entirely by the negligence, fault or action, of persons, entities, or corporations for whom Defendant neither had nor have any responsibility. Any damages awarded to the Plaintiff should be reduced proportionately by the percentage of fault of all released or prospectively released joint and/or solidary obligors, whether named or not named as parties to the lawsuit.

4816-3519-5878.1

**FIFTH AFFIRMATIVE DEFENSE**

In the alternative and without limitation to any of the foregoing, Defendant avers that, if the Plaintiff sustained any injuries as alleged in the Petition, such injuries and damages arose out of certain risks, dangers, and hazards, the specifics of which are more particularly outlined in the above Second Affirmative Defense and incorporated herein by reference, all of which were plain, observable, open, obvious, and well known to the Plaintiff at the time of the alleged incident and injury. All of said risks, dangers, and hazards were assumed by the Plaintiff, and, thus, Defendant is not liable therefore.

**SIXTH AFFIRMATIVE DEFENSE**

In the alternative and without limitation to any of the foregoing, Defendant specifically denies the incident occurred as alleged by the Plaintiff in her Petition.

**SEVENTH AFFIRMATIVE DEFENSE**

In the alternative and without limitation to any of the foregoing, Defendant avers that no alleged wrongful act or omission by Julie Albrecht was the cause-in-fact or the proximate cause of Plaintiff's alleged injuries or other damages.

**EIGHTH AFFIRMATIVE DEFENSE**

In the alternative and without limitation to any of the foregoing, Plaintiff's claims are barred by the doctrines of estoppel, laches, and/or waiver.

**NINTH AFFIRMATIVE DEFENSE**

In the alternative and without limitation to any of the foregoing, Plaintiff's claims are barred based upon the defense of intervening and/or superseding causation.

**TENTH AFFIRMATIVE DEFENSE**

In the alternative and without limitation to any of the foregoing, Defendant avers it has no

4816-3519-5878.1

responsibility or liability for the damages complained of and the alleged incident occurred.

## ELEVENTH AFFIRMATIVE DEFENSE

In the alternative and without limitation to any of the foregoing, Defendant pleads the negligence and/or fault of third parties, including but not limited to the other possible unknown drivers, parties for whom Defendants are not responsible, whose negligence and/or fault was the substantial cause-in-fact of Plaintiff's damages, if any, and should operate to completely bar recovery against these Defendants or, alternatively, to reduce recovery by comparative fault.

## TWELFTH AFFIRMATIVE DEFENSE

In the alternative and without limitation to any of the foregoing, Plaintiff's claims are barred or reduced by the failure of Plaintiff to mitigate her alleged damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

In the alternative and without limitation to any of the foregoing, Defendant avers it is entitled to a credit or offset equal to the policy limits of any and all liability insurance or self-insurance which may be applicable to Plaintiff's claims. Furthermore, Defendant is entitled to a credit or offset for any payments made to the Plaintiff by any party, individual, insurance, or other entity.

## FOURTEENTH AFFIRMATIVE DEFENSE

In the alternative and without limitation to any of the foregoing, Defendant specifically asserts it did not and has not breached any duty allegedly owed to Plaintiff.

## FIFTEENTH AFFIRMATIVE DEFENSE

In the alternative and without limitation to any of the foregoing, Defendant submits any injuries or damages allegedly suffered by Plaintiff, all of which are denied, were not caused by the

4816-3519-5878.1

alleged incident of March 11, 2020, but are attributable to other incidents or pre-existing conditions.

### SIXTEENTH AFFIRMATIVE DEFENSE

In the alternative and without limitation to any of the foregoing, Defendant pleads all affirmative defenses enumerated in La. C.C.P. art. 1005 relevant or potentially relevant to Plaintiff's Petition including, without limitation, fault of the Plaintiff and others, extinguishment of the obligation, illegality, and injury.

### SEVENTEENTH AFFIRMATIVE DEFENSE

In the alternative and without limitation to any of the foregoing, it is furthermore affirmatively alleged that Plaintiff has or may have received payment of medical expenses and/or other benefits under a policy or policies of health, accident, medical and/or hospitalization insurance, Medicare or Medicaid benefits, and/or at a charity hospital or other governmental hospital and/or worker's compensation insurance, and has subrogated her rights and claims for payment of said benefits and expenses to the person, firm, corporation or entity issuing said policy or benefits and, therefore, has no right of action against Defendant for any amounts so paid.

### EIGHTEENTH AFFIRMATIVE DEFENSE

In the alternative, and without limitation to any of the foregoing, Acuity asserts that any insurance policy deemed to be at issue in this matter is the best evidence of its own contents and, pleading any said policy, the contents, exclusions, and language contained therein as if copied herein verbatim, Acuity objects to and denies any attempt or variance therewith which tends to modify, enlarge, expand or alter any of the terms, conditions, exclusions or limitations of liability contained in any said policy.

4816-3519-5878.1

### NINETEENTH AFFIRMATIVE DEFENSE

In the alternative and without limitation to any of the foregoing, Defendant affirmatively pleads all defenses pursuant to La. R.S. 32:866 and all other Louisiana laws governing the minimum insurance limits required of Plaintiff, commonly referred to as "no pay, no play."

### TWENTIETH AFFIRMATIVE DEFENSE

In addition, and without limitation to the foregoing, Defendant respectfully reserves the right to amend its Answer and/or to file a counterclaim, cross claim, third party claim, or other pleadings as may be appropriate.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendant further gives notice it intends to rely on any other affirmative defense that becomes available by law or during discovery in this case, and they hereby reserve rights to amend this Answer to assert such defenses.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendant hereby adopts all defenses and affirmative defenses, if any, not specifically set out in this Answer but asserted by any other defendant in this case at any time during the course of this litigation where not inconsistent with Defendant's defenses.

**WHEREFORE**, Defendant, Acuity, a Mutual Insurance Company, prays that its Answer to Plaintiff's Petition, removed from the Civil District Court of Orleans Parish, Louisiana, be deemed good and sufficient, and judgment be issued in Defendant's favor dismissing Plaintiff's Petition with full prejudice, at Plaintiff's sole cost and expense, and for all other general, equitable, and statutory relief that may be warranted.

4816-3519-5878.1

Respectfully submitted,

*/s/ Rachal Chance Kramar*

JAMES W. HAILEY, III (23111)
RACHAL CHANCE KRAMAR (31358)
Lewis Brisbois Bisgaard & Smith, LLP
400 Poydras Street, Suite 1300
New Orleans, LA 70130
Tel. (504) 322-4100  Fax (504) 754-7569
Email: James.Hailey@lewisbrisbois.com
       Rachal.Kramar@lewisbrisbois.com
*Attorneys for Acuity, a Mutual Insurance Company*

4816-3519-5878.1

10